

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

...01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 13, 1984

Mr. Clayton T. Garrison
Executive Director
Employees Retirement System
  of Texas
P. O. Box 13207
Austin, Texas  78711

Opinion No.  JM-248

Re:  Whether members of a public body may meet to receive information and ask questions without violating the Open Meetings Act, article 6252-17, V.T.C.S.

Dear Mr. Garrison:

You have requested our opinion regarding whether members of a governing body may meet without complying with the Open Meetings Act to receive information and to ask questions. You indicate that the board of trustees of the Employees Retirement System finds it necessary occasionally to meet with particular individuals to be informed about specific matters over which the board has jurisdiction. On these occasions, the board members usually ask questions of the individual providing information. You ask whether the board may conduct such meetings without opening them to the general public.

"Meeting" is defined in section 1(a) of article 6252-17, V.T.C.S., the Open Meetings Act, as

> any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken.

In The Pea Picker, Inc. v. Reagan, 632 S.W.2d 674 (Tex. App. - Tyler 1982, writ ref'd n.r.e.), the court considered whether a meeting held by the Henderson County Commissioners Court for the purpose of "hearing reports from agents and employees" was a "meeting" within the terms of article 6252-17, V.T.C.S. The trial court, in granting the county's motion for summary judgment, found that the meeting in question was not a "meeting" under the statute because no "deliberation" had occurred. "Deliberation" is defined in section 1(b) of the act as

a verbal exchange between a quorum of members of a governmental body attempting to arrive at a decision on any public business.

The appellate court concluded that summary judgment was improper because a fact issue existed as to whether deliberation had in fact occurred during the meeting in question. The appellate court did not, however, question the trial court's conclusion that a "meeting" for purposes of article 6252-17 occurs only where there is "deliberation," i.e., "a verbal exchange between a quorum of members."

We agree with the trial court's construction of article 6252-17 in The Pea Picker, Inc. v. Reagan, supra. In our opinion, a meeting is a "meeting" as defined by section 1(a) of that statute only in those instances in which a "verbal exchange" occurs between or among a quorum of members of a governmental body. If the board members merely listen to and ask questions of an individual providing information, and no discussion takes place between board members, there is no "deliberation" and hence no "meeting" for purposes of article 6252-17. In such instances, the board may convene without admitting the general public. We conclude that members of a governmental body may meet without complying with the Open Meetings Act to receive information and to ask questions, so long as no discussion of public business takes place between members. See Attorney General Opinion H-785 (1976). But cf. art. 6252-17, sections 3 and 4. We caution, however, that the line between "deliberation" and "non-deliberation" is very thin. Therefore, in order to avoid violating the act, whether by inadvertence or otherwise, a governmental body should err on the side of caution in determining whether to open to the public a convocation like the one described here.

## S U M M A R Y

The members of a governmental body may meet to receive information and to ask questions, without violating article 6252-17, V.T.C.S., so long as no discussion of public business takes place between members during such meeting.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General.

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton